## WHITE v. SOUTHERN MERCANTILE CO., Limited.

### No. 16061.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Geo. S. Graham, of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

JANVIER, Judge.

On May 16, 1926, defendant, a retail furniture dealer of New Orleans, sold certain household furniture to Lillian Henry. It was agreed that the purchase price, $93, should be paid in weekly installments. The said Lillian Henry paid installments intermittently and finally, finding herself unable to continue with her contract, transferred the furniture to plaintiff, Carrie White, who, with the consent of defendant company, undertook to continue making the installment payments. Spasmodically, installments were continued until the balance was reduced to a sum said by defendant to be $58. On October 13, 1934, the account having for several years been in arrears, an employee of the furniture company located plaintiff, who had moved many times. He demanded payment. Plaintiff and her witnesses state that she told the employee that she had only $2 and could not pay more and that, thereupon, the employee summoned a furniture truck which he had stationed near by and forcibly entered her home and removed the furniture. For the forcible invasion of her premises and for the humiliation which she alleges she suffered, plaintiff seeks recovery in the sum of $300.

Defendant denies that there was a forcible entry or that the furniture was removed without plaintiff's consent, alleging that plaintiff herself stated that she could not pay; that other furniture could be purchased for less than the balance due; that she suggested that the furniture be taken back by the defendant company; and that she herself removed her clothes and other belongings in order that the removal might be the more easily effected.

There was judgment below for plaintiff for $200. Defendant has appealed.

The testimony of plaintiff that the entry and removal were effected by force is corroborated by two neighbors, while the evidence of defendant consists of the testimony of a salesman and collector of defendant and two other employees, who assisted in the removal of the furniture.

A humorous feature of the testimony of plaintiff is that, though she prayed for $300, largely for humiliation, she did not know what the word "humiliation" means. Her testimony on this point is interesting. Her counsel asked her: "Do you know what 'humiliation' is?" And she answered: "No, sir." He repeated the question: "You don't know what 'humiliation' is?" Again she said: "No, sir." He thought it necessary to prove that she had suffered humiliation, so he said: "We state in here that you are asking money from these people on account of your humiliation. You don't know what that means?" And, again, she answered: "No, sir."

We find her testimony with regard to her various changes of residence unsatisfactory, and we also are unable to believe certain statements made by her witnesses concerning the conversation between plaintiff and defendant's representative just prior to the removal of the furniture. All in all, we are unable to believe plaintiff's story.

Though it is true that only a question of fact is involved, and while it is also true that the witnesses are equally divided numerically, we find ourselves unable to believe the testimony offered on behalf of plaintiff. Often it is difficult to point out, in such cases, any one statement which, in itself, is sufficient to brand the testimony of any particular witness as unreliable and unworthy of belief, and many times it is only the reading of the entire evidence which creates the fixed impression of untruthfulness. Such is the case here. We find ourselves unable to believe plaintiff's story and, consequently, conclude that there was manifest error in the finding of the court a qua.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that plaintiff's suit be and it is dismissed, at her cost.

Reversed.